IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:20-CR-128-CWR-LGI |
| WILLIAM GLENN CHUNN | DEFENDANT |

## ORDER

Before the Court is the United States' motion to clarify Docket No. 89, the Order Compelling the Government or Madison County Detention Center to Provide a Device for the Defendants to View Discovery. Docket No. 118. Counsel for William Glenn Chunn timely responded, Docket No. 120, and the court held a telephonic status conference on February 28, 2022. The matter is fully briefed and ready for adjudication.

I. Factual and Procedural History

On September 22, 2020, a federal grand jury returned a three-count indictment against five defendants: Chunn, Aaron Matthew Rentfrow, Johnathon Aaron Reynolds, Daniel Wade Holler, and Jeremy Chad Dennis. The charges fall under the Racketeer Influenced and Corrupt Organizations Act as defendants are charged with being members of the Aryan Circle ("AC"). Defendants were charged with (1) assaulting an individual with a dangerous weapon which resulted in serious bodily injury and (2) attempted murder for the purpose of gaining entrance to and maintaining position in the AC; and (3) knowing that an offense against the United States had been committed (*i.e.*, counts one and/or two), yet assisting the offenders in order to hinder and prevent their apprehension, trial, and punishment.

After each defendant's initial appearance, U.S. Magistrate Judge Keith Ball issued a standard discovery order. Docket Nos. 22, 28, and 78. On February 11, 2021, the government filed

a motion for a supplemental protective order based on the acts alleged in the indictment and the violent history of the AC. Docket No. 54. On March 4, 2021, after the issue was fully briefed, the Magistrate Judge granted in part and denied in part the government's motion for a protective order. Docket No. 61. Finally, in response to the COVID-19 pandemic and its effects on the defense attorneys' ability to meet with their clients, this Court issued another discovery order on August 17, 2021, Docket No. 89, permitting the defendants access to their discovery while at their respective detention facilities. That is the Order at issue in the present motion.

Pursuant to the Order, the Government delivered to the Madison County Detention Center (MCDC) password protected flash drives for each respective defendant containing the discovery which had been provided to their counsel. According to the parties, counsel for Chunn delivered a hard drive, modified to include all of the discovery in the case, including Jencks material, to the MCDC for his client to review. The United States asks this Court to clarify whether it was proper for counsel to provide Chunn Jencks material to review without counsel present.

## II.     Legal Standard

The Jencks Act, 18 U.S.C § 3500, requires prosecutors to produce to the defendant any statement made by a Government witness. *Id.* § 3500(a). The Government, however, need not produce these materials until after the witness has testified on direct examination. *Id.* § 3500(b). Additionally, paragraph 3(a) of the standard discovery order issued in this case states,

> All statements of witnesses exchanged under this order between the various parties hereto, both the United States Attorney and defendant, are to be held and used by the attorneys solely for the purposes of cross-examination of the various witnesses, as contemplated by Rule 26.2, Fed. R. Crim. P. and Section 3500(b) and (c), Title 18, United States Code, and such statements are not to be shown to any person, including the witnesses (except during cross examination), except the defendant or United States Attorney's representative, nor copied or reproduced in any manner, and upon completion of cross-examination of the particular witness, his/her statement is to be returned forthwith to the providing counsel.

Docket No. 78.

**III.     Discussion**

"The purpose of the Jenks Act and Rule 26.2 [of the Federal Rules of Criminal Procedure] is to provide appropriate material to help assess a witness's credibility and to enable the opposing party to cross-examine thoroughly while giving protection from unwarranted disclosure." James Cissell, Federal Criminal Trials, 2021 Edition, § 8-1 (Matthew Bender). As stated above, the Government is not required to produce Jencks material until its witness has testified on direct examination. 18 U.S.C § 3500(b). *See also, United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979). Nonetheless, "appreciating the complexity of this case," the Government agreed to disclose Jencks materials 20 days before trial. Docket No. 125*; see also* Docket No. 84.

The Government provided discovery, including Jencks material, on or around December 14, 2021. At that time there was a protective order in effect that restricted defendants from reviewing the Jencks material "outside the presence of defense counsel[.]" Docket No. 61. Separately, there was also a Discovery Order in effect that permitted defendants to access discovery while at their detention facilities. Docket No. 89 (referred to herein as the "August 17, 2021 Discovery Order"). The August 17, 2021 Discovery Order requires the MCDC to permit defendants access to a computer, provided by the Clerk's Office, and a hard drive, to be provided by the Government, and allows defendants to "take notes using a notepad, tablet or composition notebook" on discovery material. *Id.* The August 17, 2021 Discovery Order speaks to discovery and does not differentiate between Jencks material and non-Jencks material. *See id.*

The Government contends that if the August 17, 2021 Discovery Order applies to Jencks material, defendants would have unsupervised and unrestricted access to the Jencks material until

3

their trial with the ability to take, retain, and disseminate notes. This, the Government argues, undermines assurances about security and facilitates unwarranted disclosure.

In support, the Government cites to *United States v. Garcia*, a case like the present, involving defendants charged with violent crimes and the disclosure of Jencks material. In *Garcia*, the Southern District of New York held that,

> [T]he wide dissemination of statements by cooperating witnesses who are regarded as 'snitches' or 'rats' by their criminal associates, and who often must serve their own sentences in close proximity to other prisoners, poses obvious dangers. It is not enough to say, as the defendants argue in this case, that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005).

The Government also cites to *United States v. William Chunn, et al.*, No. 1:20-CR-83-TH (E.D. Tex.), another AC prosecution involving the same defendant here. In that case, the Government claims that a cooperating defendant was contacted by defendant Chunn, despite the cooperating defendant having no contact with defendant Chunn for years. Docket No. 125 at 5. "This contact was made within days of the cooperating defendant signing a plea agreement and the public filing of his/her factual basis implicating defendant Chunn." *Id.*

In that Texas case, defendant Chunn was convicted by a jury of Conspiracy to Conduct or Participate in the Affairs of an Enterprise through Racketeering Activity, in violation of 18 U.S.C. § 1962(d), in which witness intimidation was the racketeering activity. *Id.* at Docket Nos. 231 and 412.

Counsel for Chunn counters that there is voluminous Jencks material in this case, including audio and video recordings which would require him to spend substantial time at the MCDC with his client to review. But defense counsel has had this material since December 14, 2021, and the

trial is scheduled for May 18, 2022. Surely, five months, when only entitled to 20 days, is sufficient time to review the material with his client.

Counsel for Chunn suggests that the Court permit the MCDC to supervise his client's review "[a]ssuming, which may be unwise, that the staff at the Madison County Jail is strictly adhering to the protocol put in place by the order[.]" Docket No. 126. As defense counsel lets on, this recommendation does not adequately ensure that the Jencks material, and thus any cooperating witnesses, are protected. Moreover, this approach violates the standard discovery order, which provides that the Jenks materials "are to be *held and used by the attorneys* . . . and such statements are not to be shown to *any* person. . ." Docket No. 78 (emphasis added). Accordingly, this request is denied.

The Court must balance defendant's Sixth Amendment right to prepare a defense against legitimate safety concerns. *See, e.g., United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (limiting defendant's access to materials to when in the presence of counsel). As discussed above, there are serious security concerns with permitting defendants, alleged members of the AC charged with violent crimes, to have unfettered access to Jencks material. The Court finds that the restrictions imposed on defendants' access are necessary in light of the serious safety concerns and the nature of the crimes charged. This solution was endorsed by the Fifth Circuit in *United States v. Yassine*. The court held that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." 574 F. App'x 455, 461 (5th Cir. 2014).

**IV.    Conclusion**

The Government's request to review the modified hard drive to ensure that all Jencks materials is removed before defendant Chunn is given access to the hard drive is GRANTED.

5

The Court understands that the Government does not oppose early production, as long as counsel is present. In accordance with this representation, defendants are prohibited from taking § 3500 material that discloses or refers to the identity, statements, or expected testimony of prospective witnesses other than Government agents or employees, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of defense counsel.

**SO ORDERED**, this the 11th day of March, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE