**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**V.**                                   **CAUSE NO. 3:20-cr-00128-CWR-LGI**

**WILLIAM GLENN CHUNN,**                                   **DEFENDANTS**
  **a/k/a "BIG HEAD";**

**AARON MATTHEW RENTFROW**
  **a/k/a "Mongo."**

<u>**ORDER**</u>

Before the Court is defendant Aaron Matthew Rentfrow's *Motion for Jury to Travel to and View Alleged Crime Scene*. Docket No. 203. Shortly after filing, defendant William Glenn Chunn moved to join that Motion. Docket No. 204. The United States filed a response in opposition, Docket No. 206, and each defendant filed a reply, Docket Nos. 208, 209. Having reviewed the submissions of the parties, along with relevant case law, the Court grants Chunn's motion to join and denies defendants' joint motion for a jury visit.

**I.      Factual and Procedural History**

The defendants are charged with violent crimes in aid of racketeering activity at the United States Penitentiary in Yazoo City, Mississippi ("USP Yazoo City"), the prison where the defendants were housed. Docket No. 203. As the Government explains, "[t]he allegations in the indictment stem from the defendants' participation in the stabbing of an inmate" for the purpose of gaining entrance to and maintaining position in the Aryan Circle ("AC"). Docket No. 140. The case was originally set for trial on May 17, 2022, but was continued on motion of the defendants. The trial is now set to commence on September 12, 2022.

The defendants ask the Court to allow the jury to travel and view the crime scene at USP Yazoo City. According to the defendants, the footage provided by the prosecution depicting the

area in which the crime took place is insufficient because it "excludes the officer station" and "misleadingly portrays the distance . . . between the floor and the upper deck." Docket No. 203 at 2. The Government opposes this motion. In its view, a jury visit would be logistically difficult and potentially misleading. Docket No. 206 at 4-5. If the defendants want to enter evidence about the layout of the facility, the Government argues, they can elicit such information on cross-examination of the officer who was on duty. Docket No. 206 at 3-4.

## II.     Legal Standard

This Court retains broad discretion in the determination of whether to allow a jury to visit a site outside the courtroom. *Johnson* v. *William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 958 (5th Cir. 1979). The Fifth Circuit has not identified what factors should guide the Court's exercise of that discretion, but other Circuits have identified several considerations.  For example, in *United States* v. *Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997), the First Circuit instructed courts to consider such factors as "the orderliness of the trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination [would be] permitted regarding the details of the scene."

The Court is also mindful of the dictates of Rule 403 of the Federal Rules of Evidence, which provides that otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id*.

## III.    Discussion

Defendants have not persuaded the Court that the *Crochiere* or Rule 403 factors weigh in favor of disrupting the trial to transport the jury to the crime scene. Pausing the trial to transport

2

15 jurors more than 50 miles outside the courthouse would constitute a severe disruption to the orderly progression of the trial. Not only would it take nearly two hours to travel back and forth to USP Yazoo City, but it would take more hours still to get court personnel, jurors, counsel, marshals, etc. through security, checked into the facility, and finally into the stab-proof vests that visitors apparently must wear when accessing the building—not to mention the preparations and paperwork jurors would have to complete prior to arriving at the facility.

A jury visit may also confuse or mislead the jury. The security measures that USP Yazoo City would have to put in place to ensure the protection of the individuals traveling with the Court are likely to be substantial and would alter the scene. As told by the Government, those measures include a prison "lockdown" that would result in "no inmate movement, [] programming, education, or health services, beyond what could be performed in an inmate's cell." Docket No. 206 at 4. Furthermore, the "already understaffed facility" would be required to schedule additional staff for the purpose of the jury visit. Docket No. 206 at 5. These accommodations would alter the conditions of the prison from how it looked and felt at the time of the crime (with prisoners and guards walking about unobstructed), and would thereby increase the risk of confusing or misleading the jury.

The defendants press that the videographic and photographic evidence turned over by the Government is inadequate, but they have not provided any explanation as to why other, alternative evidence regarding the scene (such as maps, models, or in-court demonstrations) could not adequately depict the crime scene. If the defendants' concern about the "layout/perspective," Docket No. 208 at 3, of the officer station persists during the trial, they may solicit the relevant evidence from the appropriate witnesses on cross-examination.

**IV.    Conclusion**

The Court finds that its stated concerns outweigh any probative value a jury visit would provide. Witness testimony, coupled with the available photos and recordings, can adequately describe the location. Accordingly, defendants' Motion for Jury to Travel to and View Alleged Crime Scene is **DENIED**.

**SO ORDERED**, this the  19th  day of  August , 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE