IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                            CAUSE NO. 3:20-cr-00128-CWR-LGI

WILLIAM GLENN CHUNN,                                          DEFENDANTS
  a/k/a "BIG HEAD";

AARON MATTHEW RENTFROW
  a/k/a "Mongo."

## ORDER

Before the Court is defendant William Glenn Chunn's *Motion to Dismiss Indictment for Double Jeopardy*, Docket No. 214, and the United States' response in opposition, Docket No. 216. Having reviewed the submissions of the parties, along with relevant case law, the Court denies Chunn's motion to dismiss.

## I.        Factual and Procedural History

On September 22, 2020, a federal grand jury in the Southern District of Mississippi charged William Glenn Chunn and other co-defendants with Violent Crimes in Aid of Racketeering ("VICAR") – Assault (Count One) and VICAR – Attempted Murder (Count Two) for violent acts committed while housed at the United States Penitentiary in Yazoo City, Mississippi ("USP Yazoo City"). Docket No. 3. As the Government explains, "[t]he allegations in the indictment stem from the defendants' participation in the stabbing of an inmate" for the purpose of gaining entrance to and maintaining position in the Aryan Circle ("AC"). Docket No. 140.

Just over two weeks later, another federal grand jury in the Eastern District of Texas returned a separate indictment charging some of those same defendants with Conspiracy to Participate in a Racketeering Enterprise ("RICO Conspiracy") in violation of 18 U.S.C. §1962(d). *See* Docket No. 215, Exhibit A. Included in the indictment was a special sentencing factor that

would allow the sentencing judge to increase the defendants' sentence, if found guilty of the RICO Conspiracy charge. That special sentencing factor outlined the conduct for which the defendants were charged (and are now due to be tried) in this case *Id.*

Chunn proceeded to trial in Texas and was convicted of both the RICO Conspiracy charge and the special sentencing factor on November 16, 2021. *See* Docket No. 215, Exhibit B. He awaits sentencing on these charges.

With less than two weeks remaining before his trial on the VICAR charges in this matter, Chunn now moves this Court to dismiss those charges on the basis of a double jeopardy violation. Specifically, Chunn asserts that because a jury in the Eastern District of Texas found him guilty of the special sentencing factor, a separate prosecution for that conduct would violate the Fifth Amendment's bar against double jeopardy. Docket No. 215 at 4-5. The Government disagrees. The Government contends that, under the "same elements test," Chunn has been charged with two different offenses, and is therefore not subjected to double jeopardy. Docket No. 216 at 2-4.

## II.     Legal Standard

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." In this Circuit, "[t]he propriety of a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." *Id.*

**III.    Discussion**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V.   The Supreme Court has interpreted this Clause to bar successive prosecutions and punishments for the "same criminal offense." *See United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989)). Thus, when confronted with two indictments arising out of the same nucleus of fact, the reviewing court must decide whether the indictments would permit multiple prosecutions for the same offense. In making this determination, the court considers what is often referred to as the *Blockburger* (or "same-elements") test.

The *Blockburger* test asks whether each provision of a statutory offense requires proof of an element the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). If the elements are the same, the crimes charged are "the 'same offense' and double jeopardy bars additional punishment and successive prosecutions." *Milner v. Johnson*, 210 F.3d 368, 368 (5th Cir. 2000) (quoting *Dixon*, 509 U.S. at 696). However, "[i]f each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . ." *Innelli v. United States*, 420 U.S. 770, 785 n.17 (1975).

In this Circuit, proving a double jeopardy claim is a two-step process.  At step one, the defendant must present "a prima facie claim that double jeopardy principles have been violated." *United States v. Cruce*, 21 F.3d 70, 74 (1994). If the defendant does so successfully, the burden shifts to the Government to show that "double jeopardy principles do not bar the proceeding." *Id*.

Here, Chunn's claim fails at the first step. In undertaking a *Blockburger* analysis, *Dixon* instructs courts to look to the elements of the two offenses, rather than the underlying conduct. *Dixon*, 509 U.S. at 707. Applying that instruction here, it is evident that RICO Conspiracy and VICAR each requires proof of an element the other does not.

Prosecuting a RICO Conspiracy requires the Government to prove two elements: "(1) an agreement between two or more people to commit a substantive RICO offense; and (2) knowledge of and agreement to the overall objective of the RICO offense." *United States v. Onyeri*, 996 F.3d 274, 280 (5th Cir. 2021). But to prevail on a VICAR claim, the Government must prove four elements:

> (1) that a criminal organization exists; (2) that this organization is a racketeering enterprise; (3) that the defendant committed a violent crime; and (4) that the defendant acted for the purpose of promoting his position in a racketeering enterprise.

*United States v. McClaren*, 13 F.4th 386, 403 (5th Cir. 2021) (citing *United States v. Hinojosa*, 463 F. App'x 432, 449 (5th Cir. 2012)). As the Government correctly points out, proof of an agreement to commit a RICO offense is required to make out a RICO Conspiracy, but not a VICAR claim. Docket No. 216 at 4. Similarly, a VICAR claim requires that the Government prove that the defendant acted "for the purpose of promoting his position" in the criminal enterprise—not so for a RICO Conspiracy. Under *Blockburger*, each of these offenses requires proof of an element the other does not. Therefore, the Defendant has not made a prima facie showing of a double jeopardy violation.

Chunn concedes that "the elements of the EDTX Indictment do not completely overlap with the SDMS VICAR charge," Docket No. 215 at 7, but argues that "the special sentencing factors in the EDTX indictment are actually *elements* to which double jeopardy applies." Docket No. 215 at 5 (emphasis in original). Assuming *arguendo* that his novel reading of the role of the

special sentencing factor is plausible, it would not necessitate a different result in this case. The special sentencing factor still would not meet the additional element under 18 U.S.C. § 1959(a) that the Defendant's purpose in committing the alleged crime of violence be "gaining entrance to or maintaining or increasing position in [the enterprise]." *McClaren*, 13 F.4th at 403.

Indeed, the Defendant's brief concedes that the only two VICAR elements that would be met under its reading are "(1) that the Aryan [Circle] was a racketeering enterprise as defined by 18 U.S.C. §1961; and (2) that Chunn committed the racketeering activity of attempted murder on or about August 17, 2017 in USP Yazoo." Docket No. 215 at 5. As noted above, the VICAR offense requires more. *See McClaren*, 13 F.4th at 403 (listing elements).

## IV.    Conclusion

Applying the "same-elements" test as required under *Blockburger* and *Dixon*, the Court finds that Chunn's indictments each require proof of additional elements not required by the other. Accordingly, Chunn has failed to establish a double jeopardy violation. The Motion to Dismiss Indictment for Double Jeopardy is therefore **DENIED**.

**SO ORDERED**, this the 8th day of September, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE